UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAWRENCE OGBECHIE,<br><br>    Plaintiff,<br><br>v.<br><br>R COVARRUBIAS,<br><br>    Defendant. | Case No. 5:18-cv-00121-EJD<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 32 |

      Presently before the Court is Plaintiff Lawrence Ogbechie's Motion for Leave to File First Amended Complaint. Ogbechie seeks to amend his complaint to name three new defendants, who are or were supervisors of Defendant R. Covarrubias, in place of Doe defendants. Covarrubias opposes the Motion. The Court has considered the parties' paper and held a hearing on the Motion. For the reasons discussed below, the Court grants the Motion.

      Under Rule 15, leave to amend should be "freely give[n]" as justice requires. Fed. R. Civ. P. 15(a)(2). But, where—as here, a party seeks leave to amend their pleadings after the time to do so provided in the case's scheduling order, the party must show good cause under Rule 16. Fed. R. Civ. P. 16(b)(4); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see* Dkt. No. 19. This good cause standard "primarily considers the diligence of the party seeking the amendment." *Coleman*, 232 F.3d at 1294 (citation and quotation omitted).

      Here, Ogbechie has shown that, while he may have known the identities of Covarrubias's supervisors since early discovery, he did not understand their potential liability until he had taken their depositions. Ogbechie deposed proposed-defendant Assistant Warden N. Walker on April 12, 2019. Ogbechie then filed this Motion less than four weeks later on May 6, 2019. The Court

Case No.: 5:18-cv-00121-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
1

finds that Ogbechie has been diligent in seeking to amend the complaint and has shown good cause for the amendment. *See In re Intuitive Surgical Sec. Litig.*, 2017 WL 363269, at *2 (N.D. Cal. Jan. 25, 2017) (finding good cause where the motion was filed within weeks of the final document production and final deposition).

A court may deny leave to amend a complaint where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). The Court finds that none of these considerations weigh against the amendment. Covarrubias has not shown that the amended complaint would cause him undue prejudice. Ogbechie is not acting in bad faith. He promptly moved to amend the complaint after completing his depositions of the proposed defendants, and there is no indication that he otherwise brings this Motion in bad faith. The amendment would not be futile. Finally, while the amendment will require modifying the current case schedule, the modification will not amount to an undue delay.

Accordingly, the Court grants the Motion. Ogbechie shall file the amended complaint as its own entry on the docket. The Court issues a modified scheduling order concurrently with this order.

**IT IS SO ORDERED.**

Dated: June 27, 2019.

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-00121-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
2