UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAWRENCE OGBECHIE,<br><br>    Plaintiff,<br><br>    v.<br><br>R. COVARRUBIAS, et al.,<br><br>    Defendants. | Case No. 18-cv-00121-EJD<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 63 |

Before the Court is Plaintiff Ogbechie's motion for leave to file a motion for reconsideration of the Court's June 11, 2020 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("Summary Judgment Order"). The Court finds that Plaintiff has not shown the need for reconsideration under Civil Local Rule 7-9 and hereby DENIES the motion.

I.  **BACKGROUND**

A comprehensive factual and procedural background can be found in the Court's Summary Judgment Order. *See* Dkt. No. 62 ("Summary Judgment Order") at 1-5.

To briefly summarize, Plaintiff Lawrence Ogbechie is a psychiatrist who worked as a contract medical provider at Salinas Valley State Prison ("SVSP"). On May 8, 2017, one of Plaintiff's inmate patients attacked him during a session in Plaintiff's office at SVSP. Plaintiff thereafter filed suit against certain correctional officers at SVSP, alleging that they failed to properly monitor the session and intervene promptly in the inmate's attack on Plaintiff. *See* Dkt. 40 (First Amended Complaint ("FAC")). Plaintiff brought two claims: (1) a claim under 42 U.S.C. § 1983 for violation of the 14th Amendment to the U.S. Constitution, FAC ¶¶ 27-32; and

(2) a claim for common law negligence under California law, *id.* ¶¶ 33-39.

On January 16, 2020, Defendants filed a motion for summary judgment. Dkt. No. 50. The Court decided the motion on the papers in the Summary Judgment Order issued on June 11, 2020. Dkt. No 62. As relevant here, the Court granted summary judgment in favor of Defendants as to the § 1983 claim.[1] *See* Summary Judgment Order at 7-15. Specifically, the Court held that Plaintiff's evidence did not suffice to show that a constitutional violation occurred; the Court further held that Defendants were entitled to qualified immunity in any event.

On July 2, 2020, Plaintiff filed the instant motion for leave to file a motion for reconsideration of the grant of summary judgment. Dkt. No. 63 ("Mot."). The motion for leave is ripe for the Court's decision without a response from Defendants. *See* Civil L.R. 7-9(d).

## II.  LEGAL STANDARD

Pursuant to Civil Local Rule 7-9, a party seeking leave to file a motion for reconsideration must show "reasonable diligence in bringing the motion" and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). Furthermore, "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civil L.R. 7-9(c).

## III.  DISCUSSION

Plaintiff's proposed basis for leave to file a motion for reconsideration is that the Court's

---

[1] The Court also denied summary judgment as to the state law negligence claim, but that ruling is not at issue in the instant motion.

Case No.: 18-cv-00121-EJD
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION
2

1  order was manifestly erroneous and unjust. Mot. at 3; *see* Civil L.R. 7-9(b)(3). First, according to
2  Plaintiff, the Court's decision was "based on the factual finding that the defendant had no power
3  or duty to decide whether or not to bring [inmate patient] Daniel to Dr. Ogbechie's office, after Dr.
4  Ogbechie requested he do so." *Id.* at 2; *see also id.* at 3-4. Plaintiff objects that this factual
5  finding was not sought by Defendants and that, as a result, he did not have the opportunity to
6  present "additional evidence that corrections officers in the Salinas Valley State Prison
7  Correctional Treatment Center do, in fact, have the power to refuse to fulfill healthcare provider
8  requests." Mot. at 2. Second, Plaintiff believes the Court incorrectly construed state-created
9  danger claims as requiring a supervisory relationship between the state actor and the plaintiff. As
10 explained below, however, Plaintiff has inaccurately characterized the Court's reasoning on both
11 counts.
12     Plaintiff's § 1983 claim alleged a deprivation of his 14th Amendment right to substantive
13 due process based on the Defendants' failure to intervene more quickly in the attack by Daniel, the
14 inmate patient. Because "simply failing to prevent acts of a private party" is generally
15 "insufficient" to establish a denial of substantive due process, *Martinez v. City of Clovis*, 943 F.3d
16 1260, 1271 (9th Cir. 2019), Plaintiff brought his claim under the "state-created danger" exception.
17 That exception provides that the state acquires a duty to protect the plaintiff when it "affirmatively
18 places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious
19 danger.'" *Pauluk v. Savage*, 836 F.3d 1117, 1122 (9th Cir. 2016).
20     The first element of a state-created danger claim is that "the officers' affirmative actions
21 created or exposed her to an actual, particularized danger that she would not otherwise have
22 faced." *Martinez*, 943 F.3d at 1271. In the context of this case, the Court explained, Plaintiff had
23 to show that "Officer Covarrubias played some role in creating or exacerbating the risk that
24 Plaintiff would be attacked by Daniel; only then could he be liable for his failure to intervene more
25 quickly in the attack." Summary Judgment Order at 10. The Court held that even under
26 Plaintiff's version of the facts, Defendant Covarrubias had not affirmatively placed Plaintiff in
27 danger. In the instant motion, Plaintiff says that this finding was based on the Court's improper
28 Case No.: 18-cv-00121-EJD
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION
3

factual finding that "once Dr. Ogbechie requested that Daniel be brought to his office, defendant Covarrubias was required to obey"—i.e., that Covarrubias lacked the "power to say no." Mot. at 4-5.

Not so. The Court did not find that Covarrubias could not refuse to bring a patient to Plaintiff's office or that Covarrubias reported to Plaintiff. Rather, the Court concluded that simply failing to refuse to obey Plaintiff's instruction is not an "affirmative act"; it is, at most, an omission. *See* Summary Judgment Order at 9 ("[A] plaintiff must show that state action as opposed to inaction placed him in danger.") (citing *Penilla v. City of Huntington Park*, 115 F.3d 707, 710 (9th Cir. 1997)). As explained in the Summary Judgment Order, "[b]ecause Plaintiff made the decision to see Daniel and requested that he be brought to Plaintiff's office, it cannot be said that Defendant Covarrubias's acquiescence was responsible for exposing Plaintiff to harm." Summary Judgment Order at 12. The Court therefore rejects Plaintiff's contention that the Court made an improper factual finding and that his "additional evidence" would alter the outcome.

Plaintiff's second reason for seeking reconsideration fares no better. Plaintiff is correct that in determining that Defendants' are entitled to qualified immunity, "this Court distinguished this case from *Grubbs I* by pointing to the supervisory relationship between the defendant and plaintiff in that case, which of course was not present here." Mot. at 8 (referring to *L.W. v. Grubbs*, 974 F.2d 11 (9th Cir. 1992)). But Plaintiff then insists that the Court erroneously treated a supervisory relationship as a necessary element of a state-created danger claim. *Id.* at 8-9. That is not accurate.

As the Court explained, an officer is entitled to qualified immunity if the constitutional right was not "clearly established" at the time of the alleged violation by case law that is "particularized to the facts of the case." Summary Judgment Order at 13 (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017)). Thus, a plaintiff must "identify a case where an officer acting under similar circumstances as [Defendant Covarrubias] was held to have violated the [14th] Amendment." *White*, 137 S. Ct. at 552. Applying this standard, the Court found that—as Plaintiff himself puts it—"the supervisory relationship in *Grubbs I* was an adjudicative fact that certainly

Case No.: 18-cv-00121-EJD
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION
4

played an important role in the court's analysis." Mot. at 9. The Court therefore concluded that the supervisory relationship rendered *Grubbs I* too dissimilar from the instant case to give "fair and clear warning," *White*, 137 S. Ct. at 552, to Defendants:

> Although *Grubbs I* put officers with the authority to make personnel decisions on notice that they could be liable for exposing their subordinates to dangerous inmates, it did not clearly establish that an officer without such authority could be liable for failing to protect fellow staff from dangerous inmates. And, it certainly did not make clear that complying with an individual's request to see a dangerous inmate could amount to the affirmative creation of danger.

Summary Judgment Order at 14-15. Despite Plaintiff's representation to the contrary, the Court did not treat the existence of a supervisory relationship as a necessary element of a state-created danger claim; it simply distinguished a prior case based in part on that fact. Hence, Plaintiff has failed to identify a manifest error in the Court's qualified immunity analysis.

## IV. CONCLUSION

Having rejected Plaintiff's proffered reasons for seeking reconsideration, the Court DENIES the motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: July 21, 2020

_____
EDWARD J. DAVILA
United States District Judge