UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAWRENCE OGBECHIE,<br><br>Plaintiff,<br><br>v.<br><br>R COVARRUBIAS, et al.,<br><br>Defendants. | Case No. 5:18-cv-00121-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 65 |

Defendant Officers R. Covarrubias, P. Soto, M. Thomas and N. Walker (collectively, "Defendants") move to dismiss the First Amended Complaint ("FAC") filed by Plaintiff Lawrence Ogbechie ("Plaintiff") for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c)(l) and 28 U.S.C. § 1367(c)(3). Dkt. No. 65 ("Motion"). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the Parties' papers the Court **GRANTS** Plaintiff's Motion.

**I. Background**[1]

Plaintiff is a psychiatrist who worked as a contract medical provider at Salinas Valley State Prison ("SVSP"). On May 8, 2017, Plaintiff was attacked by one of his inmate patients during a session in Plaintiff's office at SVSP. On January 5, 2018, Plaintiff brought the instant suit

---

[1] The facts of the underlying dispute are laid out in full in the Court's Order Re Defendants' Motion for Summary Judgment. *See* Dkt. No. 62. The Court recounts only the facts relevant to this motion here.

Case No.: 5:18-cv-00121-EJD
ORDER GRANTING MOTION TO DISMISS

1

alleging that the SVSP correctional staff failed to adequately protect him during the attack. The gravamen of Plaintiff's suit is that Defendant Covarrubias should have been observing Plaintiff's treatment session with the inmate, that the failure to observe and monitor the session allowed the attack to occur uninterrupted, and that Plaintiff suffered increased physical injury because of the late intervention. Plaintiff further alleges such monitoring was provided for by that the Operational Procedures in place at SVSP.

On June 27, 2020, Plaintiff filed the operative First Amended Complaint. Dkt. No. 40 ("FAC"). The FAC contained two counts: (1) a claim under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment to the U.S. Constitution, FAC ¶¶ 27-32; and (2) a claim for common law negligence under California law, *id.* ¶¶ 33-39. Both counts were brought against all Defendants in their personal capacities. *Id.* p. 5-6. Fact discovery concluded in October 2019, and Defendants moved for summary judgment in January 2020. Dkt. No. 50. On June 11, 2020, this Court granted summary judgment as to Plaintiff's Section 1983 claim (Count 1), and denied summary judgment as to Plaintiff's negligence claim (Count 2). Dkt. No. 62. Plaintiff filed a motion for reconsideration, which the Court denied. Dkt. No. 64.

On August 14, 2020, Defendants filed the present motion to dismiss for lack of subject matter jurisdiction, arguing that the Court should decline to exercise supplemental jurisdiction over Plaintiff's common law negligence claim now that all federal claims have been dismissed. Dkt. No. 65. Plaintiff opposes the motion. Dkt. No. 66.

**II.     Discussion**

Defendants argue that Plaintiff's negligence claim should be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c)(1) and 28 U.S.C. § 1367(c)(3), and because it is barred by 11th Amendment sovereign immunity.

    **a.  Section 1367(c)(3)**

Where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). "The

Case No.: 5:18-cv-00121-EJD
ORDER GRANTING MOTION TO DISMISS
2

1  decision whether to continue to exercise supplemental jurisdiction over state law claims after all
2  federal claims have been dismissed lies within the district court's discretion." *Foster v. Wilson*,
3  504 F.3d 1046, 1051-52 (9th Cir. 2007).

4  "Despite the fact that the issue is committed to the court's discretion, the Court of Appeals for the Ninth Circuit has repeatedly counseled district courts to decline to exercise supplemental jurisdiction over state-law claims after the federal claims have been dismissed before trial." *Meniooh v. Humboldt Cty.*, No. 20-CV-05634-RMI, 2020 WL 5526609, at *5 (N.D. Cal. Sept. 15, 2020); *see, e.g.*, *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed."); *Souch v. Howard*, 27 F. App'x 793, 795 (9th Cir. 2001) ("When all federal claims have been dismissed before trial, the interests promoted by supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state-law claims."). This is because "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford*, 625 F.3d at 561.

The Court granted summary judgment in favor of Defendants on all of Plaintiff's federal law claims. Because the Court has now dismissed all claims over which it has original jurisdiction, the Court has discretion to decline jurisdiction over Plaintiff's remaining state law claim. In accordance with the weight of Ninth Circuit precedent, the Court finds it appropriate to exercise that discretion here, and to dismiss the remaining state law claim for lack of jurisdiction.

Plaintiff argues that considerations of fairness, judicial economy, and convenience weigh in favor continuing jurisdiction because the case has been pending in this Court for over two years and is now on the eve of trial. Although this case was previously set for trial in November 2020, the Court notes that all upcoming trial schedules have been and will continue to be significantly affected by the COVID-19 crises. *See* General Order 73. The Court has already vacated the trial dates in this case and does not anticipate that it will be in a position to hear the case in the near

Case No.: 5:18-cv-00121-EJD
ORDER GRANTING MOTION TO DISMISS
3

1   future.  In light of these changed circumstances, the Court does not find any unfairness in

2   dismissing the suit and allowing Plaintiff to bring his case in state court.

3        Plaintiff next argues that the "incessant foot-dragging practiced by the defendants'

4   employer" throughout this litigation has caused significant delays, such that it would be

5   prejudicial to Plaintiff to require him to re-file his claim in state court at this late stage.  The Court

6   acknowledges Plaintiff's frustration at needless delays in the discovery process, however, Plaintiff

7   does not indicate that any further or duplicative discovery would need to be done in state court.

8   Thus, the Court does not find that these prior delays will result in any prejudice to Plaintiff

9   moving forward.

10        In support of its argument that the delay in the case weighs in favor of maintaining

11   jurisdiction, Plaintiff cites to *Trustees of the Construction Indus. & Laborers Health & Welfare*

12   *Trust v. Desert Valley Landscape & Maint., Inc.*, in which the Ninth Circuit reversed the district

13   court's dismissal for lack of supplemental jurisdiction where the case was in its "third year" and

14   was on the brink of trial.  333 F.3d 923, 926 (9th Cir. 2003).  In that case, the district court had

15   dismissed a state claim pursuant to Section 1367(c)(3) after granting default judgment on the

16   related federal claims.  The Ninth Circuit held that "the exercise of discretion was not authorized

17   by § 1367(c)(3)" because the "federal claim here was not dismissed," but rather, default judgment

18   has been granted in favor of Plaintiff.  *Ibid.*  The Ninth Circuit went on to state that even if the

19   district court had discretion, dismissing the case when the parties were "essentially done with trial

20   preparation" was not fair to the parties or an efficient use of judicial resources.  *Ibid*.  Unlike in

21   *Trustees*, the federal claim in this case was dismissed on the merits and the Court therefore has

22   discretion to dismiss the pendent state claim.  Moreover, the Court has not yet invested resources

23   in preparing the case for trial and the Parties do not claim to be done with trial preparation.

24   Therefore, the Court finds that judicial economy would be better served by dismissing the suit and

25   allowing it to proceed in state court.

26        Finally, Plaintiff argues that the state courthouse in Monterey, California is less convenient

27   for him than the federal courthouse in San Jose, California because he lives in Los Angeles.  The

28   Case No.: 5:18-cv-00121-EJD
ORDER GRANTING MOTION TO DISMISS
4

1   Court notes that Monterey and San Jose are approximately equidistant from Los Angeles and that

2   there appear to be a number of direct flights from Los Angeles to Monterey every day.  Therefore,

3   the Court finds that a trial in state court would be equally convenient for the Parties.

4         Because considerations of comity and judicial economy weigh in favor or dismissing the

5   state claim, and because the Court finds no undue inconvenience or unfairness to the Parties by

6   doing so, the Court **DISMISSES** the case for lack of subject matter jurisdiction pursuant to

7   Section 1367(c)(3).

####    a.  Section 1367(c)(1)

9         Defendants also argue that dismissal is proper under Sections 1367(c)(1), which provides

10  that a district court "may decline to exercise supplemental jurisdiction over a [related state claim]

11  if . . . the claim raises a novel or complex issue of State law."  28 U.S.C. § 1367(c)(1).  Defendants

12  argue that Plaintiff's remaining claim should be dismissed because it raises a novel question of

13  state law, which is whether a state employee can "be held liable in a tort action under California

14  law solely for breaching work-related duties that do not constitute an independent basis for tort

15  liability?"  Motion, p. 4.  Plaintiff argues that this question mischaracterizes Plaintiff's theory of

16  the case and that, in fact, there is nothing novel about the "garden variety negligence issues" raised

17  by his remaining claim.  Opp., p. 1.  The Parties spend a substantial portion of their briefing

18  arguing the merits of the negligence claim in order to establish that the issues are or are not novel

19  under California law.  Given the Court's decision to dismiss the case under Section 1367(c)(3)

20  discussed above, the Court does not find it appropriate to reach the Parties' arguments about the

21  merits of the negligence claim.

####    a.  11th Amendment Immunity

23        Defendants assert that the claim should be dismissed because it is barred by 11th

24  Amendment immunity.  The Court previously rejected this argument in its June 11, 2020 order

25  granting in part and denying in part Plaintiff's motion for summary judgment, holding expressly

26  that the 11th Amendment does not bar Plaintiff's negligence claim.  Dkt. No. 62.  The Court

27  declines to reconsider its prior decision here.

28  Case No.: 5:18-cv-00121-EJD
ORDER GRANTING MOTION TO DISMISS

### III. Conclusion

Defendants' motion to dismiss is **GRANTED** and the case is **DISMISSED** for lack of subject matter jurisdiction pursuant to 28 U.S.C. 1367(c)(3). All pretrial deadlines and hearing dates are **VACATED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 2, 2020

EDWARD J. DAVILA
United States District Judge