UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAWRENCE OGBECHIE,<br>Plaintiff,<br>v.<br>R COVARRUBIAS, et al.,<br>Defendants. | Case No. 5:18-cv-00121-EJD<br><br>**ORDER DENYING MOTION TO DENY COSTS**<br><br>Re: Dkt. No. 76 |

Presently before the Court is Plaintiff Lawrence Ogbechie's motion for an order denying costs to Defendants Officer R. Covarrubias, Correctional Sergeant P. Soto, Correctional Captain M. Thomas, and Associate Warden N. Walker. Dkt. No. 76. The Court finds this motion suitable for consideration without oral argument. Civ. L.R. 7-1(b). Having considered the parties' briefs, the relevant law, and the record in this case, the Court DENIES Plaintiff's motion

## I.  BACKGROUND

### A.  Factual Background

Plaintiff, an experienced psychiatrist, began working at Salinas Valley State Prison as a contract medical provider in March 2017 providing psychiatric services at the prison's Correctional Treatment Center ("CTC"). Pl's Mot. for Order Denying Costs to Defs. ("Mot."), Dkt. No. 76 at 3. Plaintiff saw inmate patients in his office at the CTC for treatment sessions. *Id*. Generally, during these sessions, three to four correctional officers would be stationed at the CTC to provide security. *Id.*

On May 8, 2017, an inmate patient named Daniel physically attacked Plaintiff during a

Case No.: 5:18-cv-00121-EJD
ORDER DENYING MOT. TO DENY COSTS

1

treatment session and injured him. *Id.* Officer Covarrubias admitted that he was not standing outside Plaintiff's office and visually monitoring the session, and he only became aware of the attack when Daniel turned toward a nurse, who then yelled for an officer. *Id.* at 3–4. At that point, Officer Covarrubias exited the correctional officers' station and sprayed Daniel with pepper spray, ending the attack. *Id.* at 4.

### B. Procedural Background

Plaintiff asserted claims for (1) violation of his Fourteenth Amendment right to prison officers not creating or enhancing the danger of prisoner attacks posed to healthcare professionals, under 42 U.S.C. § 1983, and (2) negligence under California state law. Dkt. No. 40. On January 16, 2020, Defendants filed a motion for summary judgment contending that (1) the facts did not support a § 1983 claim for liability under the state-created danger doctrine, and (2) Plaintiff's negligence claim was barred by the Eleventh Amendment and discretionary immunity under state law. Dkt. No. 50. On June 11, 2020, the Court granted Defendants' motion for summary judgment on the § 1983 claim because the evidence did not support Plaintiff's claim under a theory of state-created danger and because Officer Covarrubias was entitled to qualified immunity. Order Re Defs.' Mot. For Summ. J. ("MSJ Order"), Dkt. No. 62, at 15–16. However, the Court denied Defendants' motion for summary judgment as to the negligence claim because Defendants were not immune under the Eleventh Amendment or California Government Code § 820.2. *Id.* at 17, 19.

On August 14, 2020, Defendants moved to dismiss the remaining negligence claim pursuant to 28 U.S.C. § 1367(c)(l) and (3). Dkt. No. 65. The Court declined to exercise supplemental jurisdiction over the remaining state law negligence claim and dismissed the claim for lack of subject matter jurisdiction under 28 U.S.C. § 1367(c)(3). Dkt. No. 70. Plaintiff refiled his negligence claim against all Defendants in the Superior Court for the County of Monterey (Case No. 20CV002837). *See* Decl. of David Fiol in Supp. of Pl's Mot. for Order Denying Costs to Defs., Dkt. No. 76-1, Ex. 1.

On October 15, 2020, Defendants submitted a bill of costs seeking an award totaling

Case No.: 5:18-cv-00121-EJD
ORDER DENYING MOT. TO DENY COSTS

2

1  $4,934.20. Dkt. No. 73, 9. Defendants agreed that one item included in their bill was improper
2  and stipulated to its removal. Dkt. No 74. On February 20, 2021, the Clerk of the Court taxed
3  costs in this matter in the amount of $4,790.20. Dkt. No. 75. On February 16, 2021, Plaintiff filed
4  the motion for an order denying costs now before the Court. Dkt. No. 76.

## II.  LEGAL STANDARD

Rule 54(d)(1) of the Federal Rule of Civil Procedure provides that "costs—other than attorney's fees—shall be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). On its face, Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs. *Ass'n of Mex.-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). The Ninth Circuit has described the presumption in favor of awarding costs to the prevailing party as a "strong presumption" with a burden on the non-prevailing party to show why taxable costs are not recoverable. *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003); *see also Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

A district court need not give reasons for abiding by the presumption and awarding taxable costs to the prevailing party. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) ("The presumption itself provides all the reason a court needs for awarding costs . . . ."). On the other hand, a district court must "specify reasons" for refusing to award taxable costs to the prevailing party. *Id*. The court must "explain why . . . it would be inappropriate or inequitable to award costs." *Ass'n of Mex.-Am. Educators*, 231 F.3d at 593A court may deny costs based on (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014). "This is not an exhaustive list of 'good reasons' for declining to award costs, but rather a starting point for analysis." *Id.* (quoting *Ass'n of Mex.-Am. Educators*, 231 F.3d at 593) (internal quotation marks omitted).

## III. DISCUSSION

Plaintiff argues that the Court should deny costs to Defendants on three grounds: (1) it would be inequitable to award costs when the results of the litigation were mixed; (2) the issues were close and difficult; and (3) there is a great economic disparity between Plaintiff and the Defendants' employer, the State of California. Mot. at 4. The Court addresses each argument in turn.

### A. Whether the Litigation Results Were Mixed

Plaintiff argues that because the results of this litigation were mixed, the Court should order the parties to bear their own costs. Mot. at 6. Alternatively, Plaintiff contends the Court should wait to award costs until the state court adjudicates his negligence claim. *Id.* Neither argument is persuasive enough to overcome the strong presumption of awarding costs to the prevailing party.

First, Plaintiff contends that Defendants only prevailed on one of two issues before the Court, creating mixed litigation results that permit the Court to exercise its discretion to deny costs to Defendants. *Id.* In support of this argument, Plaintiff relies on *Klune v. Palo Verde Health Care Dist.*, 761 F. App'x 751 (9th Cir. 2019). In *Klune*, the Ninth Circuit affirmed the district court's decision that each side should bear its own costs, because neither party prevailed where the plaintiff asserted nine claims but obtained a favorable ruling on only one. *Id.* at 755–56; *Rutherford v. Palo Verde Health Care Dist.*, No. EDCV1301247JAKSPX, 2015 WL 12864248, at *4 (C.D. Cal. Nov. 16, 2015). There is no such mixed result here because Plaintiff obtained no relief on either of his claims. The Court granted summary judgment to Defendants on the § 1983 claim and thus Defendants prevailed as to that claim. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001) (a litigant qualifies as a prevailing party if it has obtained a "court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant'") (alterations original); *Saint John's Organic Farm v. Gem Cty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1058 (9th Cir. 2009) (prevailing party must obtain judicially enforceable actual relief on the merits of their claim that materially alters the legal relationship

Case No.: 5:18-cv-00121-EJD
ORDER DENYING MOT. TO DENY COSTS
4

between the parties); *see also Miles*, 320 F.3d at 988 ("[C]osts under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)."); *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) ("[Plaintiff's] unproved and attenuated prospect of a better chance to assert a claim . . . in some future case finds no support in the caselaw for 'prevailing party' status in this case.").

Plaintiff does not cite to any Ninth Circuit case law—and the Court was unable to find any—stating that a plaintiff's loss on one claim at summary judgment and dismissal of his remaining claim for lack of subject matter jurisdiction qualifies as mixed results for the purposes of disallowing costs. In such situations, other district courts in the Ninth Circuit have nevertheless treated defendants as the prevailing party. *See, e.g.*, *A.B. v. Cty. of San Diego*, No. 18cv1541-MMA (LL), 2021 WL 107231, at *3 (S.D. Cal. Jan. 21, 2021) (finding defendants to be prevailing parties where they successfully obtained judgment in their favor on plaintiff's federal civil rights claim and the court declined to retain supplemental jurisdiction over remaining state law claims); *Blight v. City of Manteca*, No. 2:15-02513 WBS AC, 2017 WL 5665846, at *2 (E.D. Cal. Nov. 27, 2017) ("While the federal and state law claims rely on the same set of facts, the court's decision to decline to exercise supplemental jurisdiction over the state law claims does not change the fact that defendants are the prevailing party in this action and are therefore entitled to their costs."); *Jones v. City of Orange Cove*, No. 1:08CV0775 DLB, 2010 WL 4875681, at *2 (E.D. Cal. Nov. 23, 2010) ("[I]n cases in which courts have granted judgment in favor of defendants on federal claims and declined to exercise jurisdiction over remaining state claims, courts have determined that defendants were the prevailing parties for purposes of Rule 54(d).") (listing cases). Even if such an outcome could be considered mixed results, the Court is permitted to disallow costs at its discretion, but is not required to. As discussed further below, Plaintiff has not provided any other persuasive reasons for the Court to deviate from the presumption in favor of awarding costs.

Alternatively, Plaintiff argues that because the negligence claim is still pending in state court, the Court should wait to see the outcome of that action before awarding costs. Mot. at 6. In

Case No.: 5:18-cv-00121-EJD
ORDER DENYING MOT. TO DENY COSTS

5

support of this argument, Plaintiff cites to *Amarel v. Connell*, which concerned claims for violation of Sections 1 and 2 of the Sherman Antitrust Act. 102 F.3d 1494 (9th Cir. 1996). Although the defendants initially prevailed on both claims at the district court level, the Ninth Circuit later reversed and remanded judgment on the Section 1 claim and instructed the district court to wait for the resolution of the remand "before determining whether an award of costs is appropriate for either claim" due to the difficulty of separating costs incurred on the Section 1 claim from those incurred on the Section 2 claim. *Id.* at 1523–24. *Amarel* involved two federal claims adjudicated by the same court asynchronously and is factually and procedurally distinguishable from this case. Here, nothing remains for the Court to resolve before awarding costs.

Finally, Plaintiff argues that if he prevails in state court, there would be no mechanism for him to recover costs paid to Defendants now. Mot. at 6. However, Plaintiff proceeds to contradict this position by acknowledging that California state law does not appear to preclude recovery of deposition transcript costs incurred in federal court prior to a jurisdictional dismissal. *Id.* (citing Cal. Code Civ. Proc. §§ 1032, 1033.5(a)(3)(A)). The Court takes no position on the merits of Plaintiff's negligence claim now before the state court or any resulting award of costs, other than to say that the Court presumes that the state court would exercise its discretion to prevent any double recovery. *See Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1159–60 (9th Cir. 2012) (discussing award of just costs under 28 U.S.C. § 1919 following dismissal for lack of jurisdiction and refiling of similar action in state court).

### B. Whether the Issues Were Closely Decided

Plaintiff contends that the issue of the state-created danger doctrine was close and difficult to resolve. Mot. at 7. The Court disagrees. Issues are closely decided when the decision "turns on the careful evaluation of witness testimony and circumstantial evidence." *Escriba*, 743 F.3d at 1248. To resolve the issues before it, the *Escriba* district court was required to pay close attention to detail and resolve complicated issues—for example, the court heard and evaluated complex expert testimony not typically needed in Family and Medical Leave Act cases. *Id.*; *see also*

Case No.: 5:18-cv-00121-EJD
ORDER DENYING MOT. TO DENY COSTS
6

*Draper v. Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016) (finding that the case was close where the case had "substantial public importance," plaintiff survived summary judgment, case turned on which competing account of events the jurors believed, and juror deliberation was lengthy).

Here, the Court granted summary judgment to Defendants on the § 1983 claim because the evidence did not support Plaintiff's theory of liability based on the state-created danger doctrine and because Officer Covarrubias was entitled to qualified immunity. MSJ Order at 8–16. Unlike *Escriba*, this case involved no dispute over material facts, and the issues were straightforward. The Court did not need to hear extensive witness testimony or evaluate circumstantial evidence in order to rule on Defendants' summary judgment motion. Nor is this case similar to *L.W. v. Grubbs*, 974 F.2d 119 (9th Cir. 1992), as Plaintiff contends. Mot. at 7. As the Court already explained at length in its summary judgment order, *Grubbs* is factually distinguishable. MSJ Order at 14–15.

The issues in this case were not closely decided.

C.  **Plaintiff's Financial Resources**

Finally, Plaintiff argues that costs should be denied because the State of California is better positioned to absorb the deposition costs than he is. When deciding whether denial of costs is appropriate, "[d]istrict courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases." *Stanley*, 178 F.3d at 1079–80. "Costs are properly denied when a plaintiff would be rendered indigent should she be forced to pay the amount assessed." *Escriba*, 743 F.3d at 1248 (quoting *Stanley*, 178 F.3d at 1080) (internal quotation marks omitted). Here, Plaintiff concedes that he "does not claim poverty." Mot. at 7 (citing *Escriba*, 743 F.3d at 1248; *Ass'n of Mex.-Am. Educators*, 231 F.3d at 592–93). Additionally, he has provided no evidence suggesting that paying $4,790.20 in costs would render him indigent. *See id.* Under such circumstances, disallowing costs is not justified. *See, e.g.*, *Backhaut v. Apple Inc.*, No. 14-CV-02285-LHK, 2016 WL 3253946, at *3 (N.D. Cal. June 14, 2016) ("Absent any showing that the costs award . . . would be a financial hardship to the Plaintiffs, Plaintiffs have not identified and the Court has not found any Ninth Circuit law permitting the Court to disallow costs

solely based on the prevailing party's wealth.").

To the extent Plaintiff relies on *Association of Mexican-American Educators*, that case does not support his position. There, the Ninth Circuit affirmed the district court's rejection of defendant's bill of costs in part because the record demonstrated that the plaintiffs (individual and small nonprofit educational organizations) possessed limited resources but brought an action presenting "issues of the gravest public importance" that were close and complex. *Ass'n of Mex.-Am. Educators*, 231 F.3d at 592–93. No such circumstances are present here. Moreover, the amount of costs Defendants seek is relatively modest, and Plaintiff does not argue that requiring him to pay costs would chill future civil rights litigation in this area. *See Stanley*, 178 F.3d at 1080 (finding abuse of discretion where district court failed to consider plaintiff's indigency and chilling effect of imposing high costs in civil rights litigation).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Order Denying Costs to Defendants.

**IT IS SO ORDERED.**

Dated: July 8, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-00121-EJD
ORDER DENYING MOT. TO DENY COSTS
8